UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAM WORRELL,

                Plaintiff,                Case No. 15CV7283

     -against-

SUGAR LLC,                                 COMPLAINT

                Defendants.

## COMPLAINT

Plaintiff, Sam Worrell (hereafter referred to as "plaintiff"), by his attorneys, Rosengarten & Weiss, as and for the Complaint in this action against Sugar LLC, ("defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendant. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages, attorneys' fees, costs and expenses to redress defendant's unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 et seq. and its implementing regulations, the New York State Executive Law (the "Executive Law"), §296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

As explained more fully below, defendant owns, leases, operates and controls a place of public accommodation that violates the above-mentioned laws.

2. The defendant made a financial decision to ignore the explicit legal requirements for making its place of public accommodation accessible to persons with disabilities – all in the hopes that it would never get caught. In so doing, defendant made a calculated, but unlawful,

decision that disabled customers are not worthy. The day has come for defendant to accept responsibility. This action seeks to right that wrong via recompensing plaintiff and making defendant's place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendant provides to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. 1985, 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the conspiracy to and deprivation of plaintiff's rights under 42 U.S.C.§ 1985 and the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendant's discrimination alleged herein occurred in this district and defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, plaintiff has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, plaintiff qualifies as an individual with disabilities as defined by the ADA (and the New York State laws relevant to this action) as he suffers from Cerebral Palsy and has utilized a wheelchair for mobility for most of his life.

7. Defendant is a limited liability company duly organized and existing pursuant to the laws of the State of New York.

8. At all relevant times, defendant owns, operates and controls a retail establishment which sells candy and other confections known as "It's Sugar" (hereinafter "Sugar") at 10 Fulton Street, New York, New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Defendant owns, leases, controls and/or operate a place of public accommodation, to wit, Sugar, at 10 Fulton Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8- 102(9)).

10. Defendant was formed on or about February 25, 2010.

11. Sugar is a facility operated by a private entity as a retail sales establishment and its operations affect commerce.

12. Architectural barriers exist at defendant's place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

13. Sugar was designed and constructed for first possession after January 26, 1993, specifically during 2013.

14. At some time after January 1992, specifically during 2013, defendant made alterations to the space wherein Sugar is located, including, but not limited to, its primary function areas.

15. Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendant constructed and/or made alterations to Sugar.

16. According to the records of the New York City Department of Buildings, substantial renovations have taken place in the space occupied by Sugar since the implementation of the ADA, including a major modification which apparently created Sugar within the premises in 2013.

17. The precise scope of the renovations is unknown as only cursory descriptions of the work are available at this time.

18. Within a year of commencing this action, including on or about July 16, 2015, plaintiff made attempts to access Sugar.

19. The services, features, elements and spaces of defendant's place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (the "2010 Standards").

20. The services, features, elements and spaces of defendant's place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Administrative Code § 27-292 et. seq.

21. Because of defendant's failure to comply with the above- mentioned laws, including, but not limited to, the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy equal and complete access to defendant's place of public accommodation.

22. Barriers to access that plaintiff encountered and/or which exist at the defendant's place of public accommodation include; a step at the door and doors too narrow for a wheelchair to fit through. These barriers violate the ADA in the following ways:

a. The entrance does not comply with 2010 Standards 206.4, 404 and 402, which require entrances to provide a clear opening of at least 32 inches and provide an entrance on a route which can be maneuvered by a person in a wheelchair.

b. 2010 Standards 404.2.2 requires at least one of the leaves in a double leaf doorway to provide a clear opening of at least 32 inches so the door may be opened wide enough for a wheelchair to pass through.

c. 2010 Standards 404.2.5 requires rises within a threshold which is over ½ inch to be ramped or beveled, so it does not obstruct a person in a wheelchair from entering.

d. The step at the front entrance does not comply with 2010 Standards 303.4, which require changes in level greater than ½ inch to be ramped, so the change in level does not obstruct a person in a wheelchair from entering.

e. The step at the entrance door fails to comply with 2010 Standards 210.1 and 504, which require railings on the step which extend at top and bottom, to assist people with mobility issues in maneuvering steps. Even if plaintiff were to get out of his wheelchair in order to attempt to enter Sugar, there are no handrails to grab on to as he goes up the step.

f. The stair at the door violates 2010 Standards 404.2.4 and 404.2.4.4 which requires a 60 inches minimum level maneuvering clearance perpendicular to the outside doorway.

As a result of the foregoing violations, plaintiff is unable to maneuver over the step at the entrance doors in his wheelchair and enter Sugar, leaving him with no option but to ask a non-disabled person to enter Sugar and pick out his purchases.

Plaintiff is a candy lover and if he were able to enter, he would be the proverbial "kid in a candy store". The displays of candy and confections are displayed for inspection in a candy lover's dreams (see photos annexed hereto as Exhibit A, made a part hereof and incorporated by reference herein).

      g. Sugar is in violation of 2010 Standards 207, which requires an accessible means of egress, so the disabled may exit in the event of a fire, without waiting for assistance.

If someone were to assist the Plaintiff in entering the store in his wheelchair, he would be in danger of being stuck inside in the event of an emergency.

      h. Defendant does not provide an accessible route from the sidewalk to the entrance that coincides with the general circulation path used by patrons to the public accommodation, thereby relegating plaintiff to a "second class citizen" who is not invited inside. See 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.1, 206.2.4 and 206.4.

      i. At the inaccessible public entrance, defendant does not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated accessible entrance. See Standards §§216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

23. Defendant's failure to make its place of public accommodation accessible denies plaintiff the opportunity to participate in or benefit from services or accommodations on the basis of disability.

24. Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have

defendants made or provided reasonable accommodations or modifications to persons with disabilities.

25.  Defendant has failed to ensure that its place of public accommodation and the elements therein are in compliance with the Standards and the Administrative Code.

26.  The barriers to access within defendant's place of public accommodation continue to exist.

27.  Plaintiff lives across the street from the South Street Seaport and frequently travels to the shopping area and neighborhood where defendant's place of public accommodation is located and patronizes places in the neighborhood.

28.  Plaintiff last visited Sugar prior to the filing of this complaint on July 16, 2015 and will attempt to patronize Sugar and enjoy the goods and services it provides once the barriers set forth above have been removed.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

29.  Plaintiff has a disability within the meaning of the ADA and as a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility.

30.  Defendant has and continues to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled.

31.  By failing to comply with the law in effect for decades, defendant has articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

32.  Defendant has discriminated against the plaintiff by designing and constructing a building, facility and place of public accommodation after January 26, 1993 that is not readily

accessible to and usable by the disabled plaintiff and not fully compliant with the Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

33. Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

34. Upon making alterations to its space, defendant failed to make its place of public accommodation accessible to plaintiff to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

35. Upon making alterations to the primary function areas, defendant failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403, although the costs are not disproportionate.

36. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendant's place of public accommodation fully accessible.

37. By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

38. Defendant could have removed some of the illegal barriers at Sugar by i) ramping the step at the entrance; and ii) installing doors which provide a clear opening of at least 32 inches

39. In the alternative, defendant has violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. §36.305.

40. Defendant has and continues to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
(Violation of New York State Executive Law)

41. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

42. Defendant has and continues to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use its place of public accommodation all because plaintiff is disabled.

43. Defendant discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

44. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law §296(2)(c)(iii).

45. In the alternative, defendant has failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law §296(2)(c)(iv).

46. It would be readily achievable to make defendant's place of public accommodation fully accessible.

47. It would not impose an undue hardship or undue burden on defendant to make its place of public accommodation fully accessible.

48. As a direct and proximate result of defendant's unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, and anxiety.

49. As a result of the foregoing, plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

### FOURTH CAUSE OF ACTION
### (Violation of the Administrative Code of the City of New York)

50. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

51. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.
> (Restoration Act § 7 amending Administrative Code §8-130 (emphasis added)).

The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

52. Defendant has and continues to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8-107(4).

53. Defendant has discriminated, and continues to discriminate, against plaintiff in violation of the Administrative Code § 8-107(5)(b) by designing, creating and/or maintaining an inaccessible commercial facility/space.

54. Defendant has subjected, and continues to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the Administrative Code § 8-107(5)(b).

55. Defendant's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

56. Defendant discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

57. As a direct and proximate result of defendant's unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

58. By failing to comply with the law in effect for decades, defendant has articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

59. Defendant's unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

60. By refusing to make its place of public accommodation accessible, defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

61. As a result of the foregoing, plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violations of New York State Civil Rights Laws)

62. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

63. Defendant discriminated against plaintiff pursuant to New York State Executive Law.

64. Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500.00 (Five Hundred Dollars) for each and every barrier and violation.

65. Notice of the defendant's violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

66. Plaintiff will continue to experience unlawful discrimination as a result of defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendant to alter and modify its place of public accommodation and its operations, policies, practices and procedures.

67. Injunctive relief is also necessary to make defendant's facilities readily accessible.

68. Injunctive relief is further necessary to order defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

69. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendant against plaintiff and as to required alterations and modifications to defendant's place of public accommodation, facilities, goods and services, and to defendant's policies, practices, and procedures.

## ATTORNEYS' FEES, EXPENSES AND COSTS

70. In order to enforce plaintiff's rights against the defendant, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to 42 U.S.C. § 1985, the ADA and the Administrative Code. 42 U.S.C. § 1988; 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the defendant has violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to the defendants' place of public accommodation, and its policies, practices and procedures.

B. Issue a permanent injunction ordering the defendant to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C. Retain jurisdiction over the defendant until the Court is satisfied that the defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to plaintiff as compensatory damages, plus pre-judgment interest, as a result of the defendant's violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to plaintiff as punitive damages in order to punish and deter the defendant for its violations of the Administrative Code of the City of New York;

F. Award plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Pursuant to New York State Civil Rights Law § 40-d, find the defendant guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 14, 2015

Donald J. Weiss, Esq. (7619)
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606