```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAM WORRELL,

        Plaintiff,

-against-

IT'SUGAR LLC,

        Defendants.

---

Case No. 15CV7283 (PAE)

CONSENT STIPULATION

**WHEREAS**, Plaintiff SAM WORRELL ("Plaintiff") filed a complaint in the above-captioned action against defendant IT'SUGAR LLC ("Sugar"); Plaintiff and Sugar being collectively designated the ("Parties"), alleging *inter alia*, certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS**, the claims alleged herein by Plaintiff arise in connection with the retail store operated by Sugar at the premises known and designated as 10 Fulton Street, New York, New York (the "Property"); and

**WHEREAS**, Sugar has denied all allegations that it has violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS**, the Parties desire to settle all claims alleged herein, without an admission of liability, on the terms and conditions set forth herein; it is therefore

**STIPULATED, CONSENTED AND AGREED**, that this action shall be settled as follows:

1.     Remedial Measures.

Sugar hereby agrees to install either a permanent ramp or some other permanent

resolution of the elevation issue on the accessible route to the entrance to Tenant's Premises so that same will be made compliant with the ADA, together with an automatic door opener, at a wheelchair accessible height, which would allow Plaintiff and other persons who use wheelchairs to independently enter the Property (the compliant accessible route and automatic door opener being designated as the "Work"). The Work shall be completed by December 31, 2016 (the "Completion Date"). The Work shall be subject to events beyond the control of Sugar, including, but not limited to, delays in obtaining approval from the City of New York, the Landmarks Commission and/or any other government agency having approval authority for modifications for modifications to the Property, delays in obtaining approved building or zoning permits (application for which shall be filed as promptly as possible after the scope of the Work is determined), delays in obtaining any government inspectors to make inspections, delays resulting from contractor defaults, delays resulting from work stoppages or slowdowns due to labor-related disputes or severe weather conditions (*e.g.*, snow storms and hurricanes), acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, Sugar's counsel may request from Plaintiff's counsel an extension of time to complete the Work, which consent shall not be unreasonably withheld. Nothing in this paragraph or in this Agreement shall prevent Sugar, the landlord of the Property, the City of New York or any of their successors in interests from in the future modifying or eliminating any feature or element of the Property, including the features or elements added or modified by the Work, provided that in so doing accessibility to the Property to persons who use wheelchairs for mobility shall not be diminished to any greater extent to them as to members of the public who

do not use wheelchairs for mobility.

2. Settlement Amount.

The Parties agree that monetary compensation shall be paid in resolution of all claims asserted and that could have been asserted in this Action, pursuant to a separate and confidential letter dated as of the date of this Stipulation and signed by counsel for the Parties as authorized representatives of their clients (collectively the "Settlement Payment").

3. Release.

In consideration of the Defendants' obligations under this Stipulation, the Plaintiff on behalf of himself, his heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Sugar, The Howard Hughes Corporation, South Street Seaport Limited Partnership, Seaport Marketplace, LLC, and the City of New York, each of their respective parents, subsidiaries and affiliates, and all of their respective current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, liabilities, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against all and/or any of the Releasees from the beginning of the World up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action and regarding, in any way, any feature or element of the Property, or its operation, as such feature, element or operation existed as of the date of Plaintiff's execution

3

of this Agreement.

Plaintiff represents and warrants that he has not sold, assigned or otherwise transferred to any third person or entity any of the claims he has released as part of this Agreement. Plaintiff further acknowledges and agrees that his release of claims above extends to claims he knows about and those he may not know about. Plaintiff further acknowledges and agrees that, in entering into this release and Agreement, he is not relying on any promise or representation made by Sugar or by any of the Releasees except for such promises and representations that are contained in this Agreement.

4.   Withdrawal of Action.

Upon execution of this Stipulation, the Action shall be dismissed, with prejudice, by filing a Stipulation of Voluntary Dismissal, subject to the terms of this Stipulation.

5.   No Admission of Liability.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Sugar or any of the Releasees. Sugar acknowledges, without conceding, any infirmity in its defenses, that it is entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by Sugar or any of the Releasees, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the claims alleged in the Action, claims that could have been alleged in the Action and all claims regarding the Property.

6.   Fees and Expenses.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection

4

with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of efforts to enforce this Stipulation, or the separate letter agreement relating to compensation.

7. Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party. All references to Sugar herein shall be deemed to include its successors and assigns.

8. Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

9. Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10. Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written

agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11. Entire Agreement.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

12. Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13. Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
           , 2016

*[signature: Sam Worell]*
SAM WORELL

IT'S SUGAR LLC
By: *[signature]*
Name: DINO MARTIN
Title: SVP, Retail Stores

So Ordered: 6/23/16
*[signature: Paul A. Engelmayer]*
USDCJ

6